IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00025-BNB

DAVID L. BAXTER,

      Plaintiff,

v.

MR. HARLEY G. LAPPIN, B.O.P. Director,
RANDY BLAKE-DAVIS, Warden, ADX-MAX,
UNITED STATES BUREAU OF PRISONS,
H/A MR. SMITH,
P.A. A. OSAGIE, MLP,
Z. ZDENAHLIK, CO, ADX-MAX,
A.W. MARK. A. MUNSON,
ARGON, ADX-MAX CO/Officer,
J. KARSCHNIK, CO/Officer, Main Attacker, ADX-MAX,
GOLF, CO/Officer,
MAN JARREZ, CO/Officer,
CAPTAIN KRIST, and
JOHN DOE, Unknown Person,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, David L. Baxter, initiated this action by filing *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in which he complained about the conditions of his confinement. On January 20, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. Baxter to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Baxter to file a Prisoner Complaint and either to pay the $350.00 filing fee

or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement in support of the 28 U.S.C. § 1915 motion.  Mr. Baxter was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On January 30, 2012, Mr. Baxter filed on the proper forms a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  However, Mr. Baxter did not submit a certified copy of his inmate trust fund account statement in support of the 28 U.S.C. § 1915 motion as directed and as required pursuant to § 1915(a)(2).  On February 3, 2012, Mr. Baxter filed a motion for a preliminary injunction and temporary restraining order that is not relevant to the remaining deficiency in this action.

Mr. Baxter has failed to cure all of the deficiencies within the time allowed because he has not submitted a certified copy of his inmate trust fund account statement.  Therefore, the action will be dismissed without prejudice for failure to cure all of the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

2

ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Baxter failed to cure all of the deficiencies as directed.  It is

FURTHER ORDERED that the pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __27th__ day of ___February___, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court